965 F.2d 1064
 37 Cont.Cas.Fed. (CCH) P 76,295
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COUGHLIN CONSTRUCTION CO., INC., Appellant,
v.
Donald B. RICE, Secretary of the Air Force, Appellee.
 No. 91-1413.
 United States Court of Appeals, Federal Circuit.
 April 16, 1992.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 EDWARD S. SMITH, Senior Circuit Judge.
 
 
 1
 Coughlin Construction Co., Inc. (Coughlin) appeals the decision of the Armed Services Board of Contract Appeals (Board) affirming the Air Force Contracting Officer's denial of Coughlin's claim to an equitable adjustment due to a differing site condition.[1] The Board found that Coughlin had not proved that the failure of its initial dewatering method was due to a difference in soil condition from what was indicated in the contract. We reverse and remand.
 
 Background
 
 2
 On 24 January 1990, Coughlin submitted a claim to an Air Force Contracting Officer for additional sums incurred during performance of a construction contract. The claim included an equitable adjustment of $46,199.59 for additional costs resulting from an alleged differing site condition, and a refund of liquidated damages in the amount of $3,206.72 assessed against Coughlin for delay. On 26 March 1990, the Contracting Officer denied Coughlin's claim. Coughlin appealed to the Board, which denied Coughlin's appeal on 16 November 1990. The Board affirmed its decision on 12 March 1991 in its opinion on Coughlin's Motion for Reconsideration. Coughlin appeals the denial of its claim to this court.
 
 Discussion
 
 3
 This court's review of Board decisions is defined by statute at 41 U.S.C. § 609(b) (1988). In pertinent part, that section states as follows:
 
 
 4
 [T]he decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.
 
 
 5
 In addition, "[s]ubstantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "[2] The issue in this case is whether the Board's decision that a differing site condition did not cause Coughlin's dewatering system to fail is supported by substantial evidence.
 
 
 6
 The Board based its decision almost entirely on the last sentence of the third paragraph of Dale Dalbotten's letter to Coughlin. That sentence reads: "However with out [sic] a sand 'collection' area at the bottom of your wells it is unlikely that your system could work" (Emphasis added). The Board's opinion takes the Dalbotten statement to mean that sand must exist in the most distal portion of the well, which would be the portion of the well that is located below the tank. Since the lower five-feet of the pipe is not in sand, the Board reasoned, the Dalbotten statement is tantamount to a declaration that the system proposed by Coughlin was doomed to fail. The Board's conclusion is not supported by substantial evidence, but in fact seems to ignore important pieces of evidence in the record.
 
 
 7
 The Board's decision ignores the first three sentences of the third paragraph in the Dalbotten letter. The first three sentences read as follows:
 
 
 8
 Your method of drilling into a bed of sand would have been quite adequate if indeed those had been the conditions. Your blue print showed an area of sand completely surrounding the deep bury tank and extending to four feet above the tank. The sand could easily be drained with a single well.
 
 
 9
 The Board's interpretation of the last sentence of the third paragraph is inconsistent with the first part of the paragraph, and indeed is inconsistent with the tenor of the entire letter. The Dalbotten letter supports Coughlin's choice of dewatering systems based on the Sheet 4 depiction of the excavation site.
 
 
 10
 In addition, Coughlin submitted the affidavit of Dale Dalbotten in support of the Motion for Reconsideration. Dalbotten, an expert in dewatering systems, states that "bottom of your wells" refers to the lowest twenty feet of pipe in the Coughlin system. Dalbotten also states that "Drawing Sheet No. 4 clearly depicts a sand bedding in this area, and such bedding would have provided a sufficient sand collection area for Coughlin's proposed dewatering system." Dalbotten also refers to Coughlin's sketch of the system as a "typical dewatering well". The uncontested Dalbotten affidavit indicates that the dewatering system that Coughlin chose would have been adequate if the site had been as indicated in Sheet 4.
 
 
 11
 Prior to the Board's interpretation of the Dalbotten letter, the existence of sand beneath the tank was not in issue. Coughlin, however, has maintained from the outset that the presence of sand in the area above and adjacent to the tank was necessary for the system to work properly. The Dalbotten letter and affidavit support Coughlin's assertion that the lack of sand above and adjacent to the tank caused the system to fail. The Board's conclusion that sand must exist under the tank was based upon a misapprehension of the evidence before the Board, and is not supported by substantial evidence.
 
 Conclusion
 
 12
 The Board is reversed as to its finding that the differing site condition did not cause the Coughlin dewatering system to fail. The case is remanded to determine the proper amount of damages to be awarded to Coughlin. The case is also remanded for a determination, consistent with this court's holding, regarding the return of liquidated damages.
 
 Costs
 
 13
 Costs against Appellee.
 
 
 
 [1]
 See ASBCA No. 40747, 12 March 1991
 
 
 [2]
 United States v. General Elec. Corp., 727 F.2d 1567, 1572 (Fed.Cir.1984) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)))